UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DEBRA FURPHY, | CASE NO: 3:16-cv-04285 |
| Plaintiff, | CIVIL ACTION |
| vs. | |
| | **COMPLAINT** |
| FREEHOLD JERSEY FREEZE LIMITED LIABILITY COMPANY, a New York limited liability company, d/b/a JERSEY FREEZE, and JERSEY FREEZE, INC., a New Jersey corporation, | |
| Defendants. | |

Plaintiff, DEBRA FURPHY (hereinafter the "Plaintiff"), through her undersigned counsel, hereby files this Complaint and sues FREEHOLD JERSEY FREEZE LIMITED LIABILITY COMPANY, a New Jersey limited liability company, d/b/a JERSEY FREEZE and JERSEY FREEZE, INC., a New Jersey corporation, (hereinafter, collectively, the "Defendants"), for injunctive relief, attorney's fees and costs (including, but not limited to, court costs and expert fees) pursuant to 42 U.S.C. §12181, et. seq., ("AMERICANS WITH DISABILITIES ACT" or "ADA") and N.J.S.A. 10:5-1 *et. seq.*, ("NEW JERSEY LAW AGAINST DISCRIMINATION" or "LAD") and alleges:

**JURISDICTION AND PARTIES**

1. This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §12181, et. seq., (hereinafter referred to as the "ADA"). This Court is vested with original jurisdiction under 28 U.S.C. §1331 and §343.

2. Venue is proper in this Court, pursuant to 28 U.S.C. §1391(B) in that all events giving rise to this lawsuit occurred in New Jersey.

3. The remedies provided by the New Jersey Law Against Discrimination are not exclusive and state administrative remedies need not be exhausted in connection with suits brought under the federal Civil Rights Act.

4. At the time of Plaintiff's visit and/or attempted visit to JERSEY FREEZE, prior to instituting the instant action, DEBRA FURPHY (hereinafter referred to as "Plaintiff") was a resident of the State of New Jersey, residing at 61 Atlantic Avenue, Matawan, New Jersey 07747, and suffered from what constitutes a "qualified disability" under the Americans With Disability Act of 1990, as she suffers from Multiple Sclerosis and uses a wheelchair for mobility. The Plaintiff personally visited Defendants' Property, but was denied full and equal access to, and full and equal enjoyment of, the facilities within Defendants' Property, which is the subject of this lawsuit.

5. The Defendants, FREEHOLD JERSEY FREEZE LIMITED LIABILITY COMPANY, a New Jersey limited liability company, d/b/a JERSEY FREEZE, and JERSEY FREEZE, C., a New Jersey corporation, are authorized to conduct, and are conducting business within the State of New Jersey. Upon information and belief, FREEHOLD JERSEY FREEZE LIMITED LIABILITY COMPANY, a New Jersey limited liability company, d/b/a JERSEY FREEZE, is the owner, lessee and/or operator of the real property (the "Subject Facility"), and the owner of the improvements where the Subject Facility is located which is the subject of this action, the facility commonly referred to as JERSEY FREEZE, located at 120 Manalapan Avenue, Freehold, New Jersey (hereinafter and heretofore referred to collectively as "Defendants' Property"), and maintains and controls the Subject Facility. Upon information and belief, JERSEY FREEZE, INC., a New Jersey

corporation, is the owner, lessor and/or operator of the real property where the Subject Facility is located which is the subject of this action, and maintains and controls the subject real property.

6.  All events giving rise to this lawsuit occurred in the City of Freehold, State of New Jersey.  Venue is proper in this Court as the premises is located in the State of New Jersey

**COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT**

7.  On or about July 26, 1990, Congress enacted the Americans With Disabilities Act ("ADA"), 42 U.S.C. §12101, et. seq. Commercial enterprises were provided one and a half years from enactment of the statute to implement its requirements.  The effective date of the Title III of the ADA was January 26, 1992.  42 U.S.C. §12181; 20 C.F.R. §36.508(a).

8.  Congress found, among other things, that:

> (i)  some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;
>
> (ii)  historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;
>
> (iii)  discrimination against disabled individuals persists in such critical areas as employment, housing, public accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;
>
> (iv)  individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and

3

    criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

    (v)    the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. §12101(a)(1)-(3), (5) and (9).

9. Congress explicitly stated that the purpose of the ADA was to:

    (i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

    (ii)    provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

    (iii)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42 U.S.C. §12101(b)(1)(2) and (4).

10. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, Defendants' Property, is a place of public accommodation in that it is a restaurant which provides, food, beverages and other services to the public.

11. Pursuant to 42 U.S.C. §12181(7) and 28 C.F.R. §36.104, the building and/or Subject Facility which is the subject of this action is a public accommodation covered by the ADA and which must be in compliance therewith.

12. The Plaintiff is informed and believes, and therefore alleges, that the Subject Facility has begun operations and/or undergone substantial remodeling, repairs and/or alterations since January 26, 1990.

13. Defendants have discriminated, and continue to discriminate, against the Plaintiff, and others who are similarly situated, by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at Defendants' Property, in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

14. The Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at Defendants' Property.  Prior to the filing of this lawsuit, Plaintiff personally visited and/or attempted to visit Defendants' Property, with the intention of using Defendants' facilities, but was denied full and safe access to the facilities of Defendants' Property, and therefore suffered an injury in fact.  In addition, Plaintiff continues to desire to visit Defendants' Property in the future, but continues to be injured in that she is unable to and continues to be discriminated against due to the architectural barriers which remain at Defendants' Property, all in violation of the ADA.

15. Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991, the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $110,000 for the first violation and $150,000 for any subsequent violation.

16. The Defendants' Subject Facility is in violation of 42 U.S.C. §12181 et. seq., the ADA and 28 C.F.R. §36.302 et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

(i) Failure to provide an adequate number of accessible handicap parking spaces at the Subject Facility that comply with the requirements of 28 C.F.R. Part 36, Section 4.6.3, and are located on the shortest route of travel from adjacent parking to the Subject Facility, as required by 28 C.F.R. Part 36, Section 4.6.2, as well as compliant pathway from said handicap spaces to the Subject Facility's entrance.  There are two non-complaint handicap spaces only at far end of restaurant.

(ii) Failure to provide one in every eight accessible parking spaces, but not less than one, with an accessible 96 inch wide minimum, with the designation of "van accessible", as required by 28 C.F.R. Part 36, Section 4.6.4 and Section 4.1.2(5)(b).

(iii) Failure to provide requisite number of curb cuts from parking area, to sidewalk, as required by 28 C.F.R. Part 36.  .

(iv) The curb cuts at Subject Facility, are not ADA compliant, in violation of 28 C.F.R. Part 36.

(v) Failure to provide the required ADA compliant striping in the parking lot, in violation of 28 C.F.R. Part 36.

(vi) Failure to provide accessible tables in Subject Facility having only fixed wooden booth tables, in violation of 28 C.F.R. Part 36, Section 4.32.4.

(vii) All exterior fixed dining tables, are at inaccessible heights, in violation of 28 C.F.R. Part 36, Section 4.32.4.

6

(viii) Self-service condiments and utensils in restaurant, are at an inaccessible height and display, in violation of 28 C.F.R. Part 36, Section 5.6.

(ix) Water fountain in restaurant is inaccessible, in violation of 28 C.F.R. Part 36.

(x) Failure to provide accessible door handle on restroom entrance door, that can be opened with a closed fist and does not require tight grasping, tight pinching, or twisting of the wrist to operate in violation of 28 C.F.R. Part 36, Section 4.13.9.

(xi) Failure to provide at least 17 inches depth clearance under lavatory as required by 28 CF.R. Part 36, Section 4.19.2.

(xii) Failure to provide the required underside clearance of at least 29 inches above the finished floor to the bottom of the apron under lavatory in restroom for accessibility in compliance with 28 C.F.R. Part 36, Section 4.1 and Section 4.19.2.

(xiii) Failure to insulate exposed drain pipes under lavatory in restroom, to prevent burns, as required by 28 C.F.R. Part 36, Section 4.19.

(xiv) Failure to install an accessible mirror in restroom in compliance with 28 C.F.R. Part 36, Section 4.19.6.

(xv) Failure to provide an electric hand dryer in restroom at an accessible height, as required by 28 C.F.R. Part 36, Section 4.22.

(xvi) Failure to provide an accessible soap dispenser in restroom, as required by 28 C.F.R. Part 36, Section 4.2.

(xvii) Failure to install the required at toilet in restroom rear grab bar is lacking the required ADA compliance, in violation of 28 C.F.R. Part 36,

(xviii) Failure to provide securely attached mats, at exterior, in violation of 28 C.F.R. Part 36, Section 4.5.3.

(xix) Failure to provide securely attached mats, at interior, in violation of 28 C.F.R. Part 36, Section 4.5.3.

(xx) The ATM machine is inaccessible, in violation of 28 C.F.R. Part 36, Section 4.2.

(xxi) Failure to provide ADA compliant signage at restroom entrance area, in violation of 28 C.F.R. Part 36, Section 4.30.

(xxii) Failure to provide adequate directional and accurate informational signage throughout the Subject Facility, as required by 28 C.F.R. Part 36, Section 4.1.3(16).

(xxiii) Failure to provide signage, in the Subject Facility, addressing people with disabilities telling them that accessible services are provided, as required by 28 C.F.R. Part 36, Section 4.30.4.

17. Upon information and belief, there are other current violations of the ADA at Defendants' Property, and only once a full inspection is done can all said violations be identified.

18. To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

19. Pursuant to the ADA, 42 U.S.C. §12101, et seq., and 28 C.F.R. §36.304, the Defendants were required to make the Subject Facility, a place of public accommodation, accessible to persons with disabilities since January 28, 1992. To date, the Defendants have failed to comply with this mandate.

20. The Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have her reasonable attorney's fees, costs and expenses paid by the Defendants, pursuant to 42 U.S.C. §12205.

21. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the subject facilities to make them readily accessible to, and useable by, individuals with disabilities to the extent required by the ADA, and closing the subject facilities until the requisite modifications are completed.

## COUNT II- VIOLATION OF THE NEW JERSEY LAW AGAINST DISCRIMINATION

22. Plaintiff repeats the allegations contained in paragraphs 1-21 as if they were expressly stated herein.

23. The New Jersey LAD provides that: "[i]t shall be ... an unlawful discrimination ... [f]or any owner, proprietor, superintendent, agent, or employee of any place of public accommodation, directly or indirectly, to refuse, withhold from or deny to any person any of the accommodations, advantages, facilities or privileges thereof or to discriminate against any person in the furnishing thereof...."

24. The New Jersey LAD further provides that: "All of the provisions of the act to which this act is a supplement shall be construed to prohibit any unlawful

discrimination against any person because such person is or has been at any time handicapped…."

25. The New Jersey LAD further provides that: "A place of public accommodation' shall include, but not be limited to: any tavern or services of any kind; any restaurant, eating house, or place where food is sold for consumption of the premises; ... other place of amusement....".

26. Defendants' Property is a place of public accommodation as defined in the LAD.

27. The New Jersey LAD further provides that: "All remedies available in common law tort actions shall be available to prevailing plaintiffs. These remedies are in addition to any provided by this act or any other statute."

28. The New Jersey LAD further provides that anyone who violates the LAD is liable for penalties no to exceed $10,000, in addition to any other relief or affirmative action provided by law.

29. Plaintiff visited Defendants' Property, but was unable to equally access the goods, services, and accommodations therein due to the architectural barriers set forth above in this Complaint.

30. Plaintiff continues to desire to visit Defendants' Property again, but continues to experience serious difficulty due to the barriers set forth herein which, upon information and belief, still exist.

31. By maintaining architectural barriers and policies that discriminate against people with disabilities and through the other actions described hereinabove, Defendants have directly and/or indirectly refused, withheld from, and denied to Plaintiff the full and equal enjoyment of their place of accommodation because of her disability.

32. Plaintiff has been damaged and will continue to be damaged by this discrimination.

WHEREFORE, the Plaintiff hereby demands judgment against the Defendants and requests the following injunctive and declaratory relief:

A. The Court declare that the subject property and Subject Facility owned, operated, leased, controlled and/or administered by the Defendants are violative of the ADA and of the New Jersey LAD;

B. The Court enter an Order requiring the Defendants to alter their facilities and amenities to make them accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA and by the New Jersey LAD;

C. The Court enter an Order directing the Defendants to evaluate and neutralize their policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendants to undertake and complete corrective procedures to the Subject Facility;

D. The Court direct Defendants to pay a penalty to Plaintiff for their violation of the LAD in an amount not to exceed $10,000.

E. The Court award reasonable attorney's fees, all costs(including, but not limited to court costs and expert fees) and other expenses of suit, to the Plaintiff; and

F. The Court award such other and further relief as it deems necessary, just and proper.

Dated: This 14th day of July, 2016.

                      Respectfully submitted,

                      By:  S/ Robert J. Mirel
                            Robert J. Mirel, Esq.
                            NJ Attorney ID #000322001
                            THE WEITZ LAW FIRM, P.A.
                            Attorney for Plaintiff
                            18305 Biscayne Blvd, Suite 214
                            Aventura, Florida 33160
                            Telephone:   (305) 949-7777
                            Facsimile:    (305) 704-3877
                            Email: rjm@weitzfirm.com